IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM KAYE as TRUSTEE OF THE )
MURRAY LIQUIDATING TRUST, )
)
    Plaintiff/Appellant/Cross-Appellee, ) NO. 3:07-00336
) JUDGE HAYNES
v. )
)
CARLISLE TIRE & WHEEL COMPANY, )
)
    Defendant/Appellee/Cross-Appellant. )

**MEMORANDUM**

Plaintiff, William Kaye, as Trustee of the Murray Liquidating Trust, filed this appeal under 28 U.S.C. § 158 (a) from the Bankruptcy Judge's Order of February 12, 2007 and Defendant Carlisle Tire and Wheel Company filed its cross appeal from the Bankruptcy Court's Order of October 16, 2006. (Docket Entry No. 59).

In its February 12th Order, the Bankruptcy Judge dismissed claims 2 through 9 in Plaintiff's first amended complaint. In its October 16th Order, the Bankruptcy Court overruled Defendant's objections to the filing of Plaintiff's amended complaint with these claims that the Defendant contended were barred by the res judication doctrine. This Court's standard of review of these Orders is de novo standard. Tucker v. Calloway County Bd. Of Educ., 136 F.3d 495, 503(6th Cir. 1998).

**A. Procedural History**

The Debtor Murray, Inc. ("Murray") filed a Chapter 11 petition in Bankruptcy Court on November 8, 2004. The Defendant supplied goods and services to Murray. On October 1, 2004, the Defendant and Murray entered into a Settlement Agreement on the following claims and

issues:

(a) Murray owed to Carlisle approximately $1.9 million for products previously shipped ("Account Payable").

(b) Carlisle possessed various mower parts with an estimated value of $270,000, which Murray desired to purchase from Carlisle ("Mower Parts").

(c) Murray had asserted an unliquidated and unquantified claim against Carlisle for damages arising from previous goods supplied by Carlisle to Murray, which Murray claimed were defective ("Product Claim"). Carlisle disputed Murray's Product Claim.

(d) Murray had asserted a claim against Carlisle for payment of approximately $250,000 for certain equipment previously shipped ("Equipment Debt").

(Docket Entry No. 3, Exhibit 1 thereto).

Under the Settlement Agreement, Murray did not pay any money nor transfer any property. The only consideration was Murray's release of its potential product claim and equipment debt. Id. In exchange, the Defendant released Murray from $1.5 million of the account payable owed to Defendant, coupled with a transfer and delivery to Murray of its mower parts. Id. The parties' settlement agreement acknowledged the advice of their respective counsel on the terms of the settlement.

On September 23, 2005, the Bankruptcy Court confirmed Murray's Chapter 11 Plan. Murray's Disclosure Statement was approved by the Bankruptcy Court and that statement included a preference claim against Carlisle that Appellant initially pled in its original complaint. Specifically, Murray's plan preference listed a claim against Carlisle for $1,157,911.00.

2

Plaintiff, as successor to Murray, filed an action against the Defendant. Plaintiff filed a motion to amend his complaint to add the new claims under 11 U.S.C. § 553(a)(3) applicable to claims arising from certain pre-petition setoffs as well as claims under 11 U.S.C. §§ 544, 547, 548 Tennessee state law on preferential and fraudulent transfers and 11 U.S.C. § 542 to "turnover" property of the bankruptcy estate requested the Bankruptcy Court to declare the October 1, 2004 Settlement Agreement null and void and asserted damages against the Defendant for its product's defects and for payment of the equipment debt.

On February 14, 2007 the Bankruptcy Court held that the Murray - Carlisle settlement agreement is not void as a preferential transfer or fraudulent transfer under 11 U.S.C. §§ 544, 547, 548 or state law, because a setoff is not a "transfer" withing the meaning of the Bankruptcy Code. The Bankruptcy Court deemed Plaintiff's reliance on 11 U.S.C. § 553 (a)(3) that restricts the rights to offset mutual debts incurred within the 90 days before the filing of a bankruptcy petition, to be inapposite because the setoff of debts here existed more that 90 days before the bankruptcy petition was filed. As to Plaintiff's 11 U.S.C. § 542(b) claim about the Defendant's products, the Bankruptcy Court held that claim was barred by the settlement agreement's express terms. The Bankruptcy Court held that Plaintiff's 11 U.S.C. § 502(d) claim failed because of its rulings on the settlement agreement claims. (Docket Entry No. 1, Attachment 22 thereto). The Bankruptcy Court, however, declined to reconsider its earlier Order granting Plaintiff's motion to amend and rejecting the Defendant's res judicata contentions.

The Court addresses first Defendant's res judicata defense. The debtor's disclosure statement includes a liquidation analysis, but failed to include, consider, value or otherwise identify any of the Plaintiff's new claims. See Docket Entry No. 1-36, Exhibit A to Disclosure

3

Statement. Here, Murray's liquidation analysis in the Disclosure Statement does not attribute any value to any of the Plaintiff's new claims. See Docket Entry No. 1-36, Exhibit A to Disclosure Statement. This non-disclosure deprived creditors (separate and apart from the Defendant) from any meaningful opportunity to evaluate the Plan.

The doctrine of res judicata bars claims that were not specifically identified nor reserved in a Debtor's Plan. In Browning v. Levy, 283 F.3d 761, 774 (6th Cir.2002), the Sixth Circuit held that absent an express reservation in a confirmed plan or related disclosure statement of the right to bring *specific* actions against *identified* defendants, the res judicata doctrine bars any new claims. As noted, the underlying rationale for the application of res judicata is that through their review of a debtor's plan and disclosure statement, creditors are able to identify and evaluate assets that are available for distribution. Id. at 775. Although the Bankruptcy Court rejected this argument, the Court deems Browning applicable and binding. Given Murray's lack of reservation of these claims in its Plan and disclosure statements, the Court concludes that res judicata bars Plaintiff's claims 2 through 9 in its amended complaint.

Appellant relies on In re Pen Holdings, Inc., 316 B.R. 495, 504 (Bankr. M.D. Tenn. 2004) as precluding res judicata. This Court has the highest regard for the Honorable Keith Lundin's knowledge of bankruptcy law, but this Court is bound by Browning.

The Court next addresses Plaintiff's issues on appeal, namely, whether the Bankruptcy Court properly applied well-settled principles of bankruptcy law and the plain language of the Bankruptcy Code in granting the Defendant's motion to dismiss Plaintiff's claims two (2) through nine (9) claims in its first amended complaint.

As to Plaintiff's 11 U.S.C. § 553(a)(3) claim, that statute protects the rights of setoff with

4

limited exceptions. Although the Bankruptcy Code does not create a right to setoff, Section 553(d) was enacted to avoid "the absurdity of making A pay B when B owes A." Citizen Bank of Maryland v. Stumpf, 516 U.S. 16, 18 (1995) (citation omitted). In a word, "the right of setoff is unaffected by the Bankruptcy Code . . ." In re Bourne, 262 B.R. 745, 756 (Bankr. E.D. Tenn. 2001) (citations omitted).

A limited exception to the protection of setoffs is Section 553(a)(3) that provides:

Except as otherwise provided in this Section and in Section 362 and 363 of this titled, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this titled against a claim of such creditor against the debtor that arose before the commencement of this case, except to the extent that:

(3)  The debt owed to the debtor by such creditor was incurred by such creditor
    (A)  After 90 days before the date of the filing of the petition;
    (B)  While the debtor was insolvent; and
    (C)  For the purpose of obtaining a right of setoff against the debtor.

After a review of the record, the Court affirms the Bankruptcy Court's conclusion that the parties' settlement agreement negotiated any pre-existing rights of setoff and was executed prior to the 90 days before the filing of Murray's bankruptcy petition. Thus, § 553(a)(3) is inapplicable here. Moreover, "Debt" is defined by 11 U.S.C. § 101(12) as "liability on a claim" and 11 U.S.C. § 101(12) defines "claim" to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, disputed, undisputed, legal, equitable, secured, or unsecured; . . ." 11 U.S.C. § 101(5). The definition of "Debt" tracks the definition of "Claim." These statutory definitions render Plaintiff's reliance on New York law to define "debt," misplaced. Where the Bankruptcy Code provides specific definitions, those definitions control. See Barnhill v. Johnson, 503 U.S. 393, 397-98 (1992).

5

Thus, the Court concludes that the Settlement Agreement did not create any debts, but was a setoff.

As to Plaintiff's clam for a preferential or fraudulent transfer under 11 U.S.C. § 547(b) that statute provides "the trustee may avoid any transfer of an interest of the debtor in property . . ." The Bankruptcy Court correctly determined that a setoff is not a "transfer." The definition of "transfer" in 11 U.S.C. § 101(54), expressly excludes "setoffs." See French v. Bank One, Lima N.A. (In re Rehab Project, Inc.), 238 B.R. 363, 372 (Bankr. N.D. Ohio 1999) (citing 11 U.S.C. § 101(54)). Congress excluded setoffs from the definition of "transfer" in Bankruptcy Reform Act of 1978. The House bill's defined "transfer" to include a setoff, but that reference to setoff was deleted by the Senate. "The effect is that a "setoff is not subject to being set aside as a preferential 'transfer,; but will be subject to special rules." 124 Cong. Rec. H11090 (daily ed. Sept. 28, 1978; S17407 (daily ed. Oct. 6, 1978). This claim lacks merit.

The Court concludes the same reasoning applies to Plaintiff's claim under 11 U.S.C. § 548. Section 548(a)(1) provides that "[t]he Trustee may avoid any transfer of an interest of the debtor in property. . ." (emphasis added). 11 U.S.C. § 544(b) likewise provides that "the trustee may avoid any transfer of an interest to the debtor in property . . ." (emphasis added). Given Congress's definition of "transfer," the Court concludes that Plaintiff cannot void a protection based on § 547(b).

Plaintiff's eighth claim is under 11 U.S.C. § 550 that in effect, seeks to "recover" the "assets transferred" in the parties' settlement agreement. Given that this claim is premised upon Plaintiff's claims under §§ 544, 547 and/or 548, Plaintiff's § 550 claim also fails.

Appellant's last claim is a "turnover" claim under 11 U.S.C. § 542(b) and specifically is a

product claim that was resolved in the parties' settlement agreement. See Docket Entry No. 1-16, Amended Complaint at ¶ 27. The Bankruptcy Court correctly concluded that this claim was barred by the release and the integrated clause of the parties' settlement agreement.

This Court concludes that the doctrine of res judicata requires the dismissal of these new claims, but also that the Bankruptcy Court properly dismissed each of the new claims in Plaintiff's amended complaint. Thus, the Bankruptcy Court's Order dismissing Plaintiff's new claims should be affirmed.

An appropriate Order is filed herewith.

**ENTERED** the 26th day of March, 2008.

WILLIAM J. HAYNES, JR.
United States District Court Judge